UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BLUE ZENITH, LLC,

        Plaintiff,                    12-CV-1071A(Sr)

v.

PATRICK ROHDE,

        Defendant

v.

CAMPUS LABS, LLC,
ERIC REICH, and
MICHAEL WESMAN,

        Counterclaim Defendants.[1]

---

### DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #25.

Blue Zenith, LLC ("Blue Zenith"), commenced this action against it's former employee, Patrick Rohde, seeking a declaration that its termination of Mr. Rohde on August 5, 2012 was for cause as defined in its employment agreement with

---

[1] Although labelled "Counterclaim Defendants," the Court notes that defendant cannot counterclaim against Campus Labs, LLC, Eric Reich and Michael Wesman because they are not parties to the initial action. However, plaintiff appears to have joined these parties and asserted claims against them as third party defendants.

Mr. Rohde, thereby relieving Blue Zenith of liability on an employment contract worth at least $300,000 in remaining salary and other benefits. Dkt. ##1 & 8.  Mr. Rhode asserted counterclaims against Blue Zenith and joined Blue Zenith's predecessor, Campus Labs, LLC ("Campus Labs"), Eric Reich, and Michael Wesman as third party defendants, alleging breach of an employment agreement; breach of a duty of good faith and fair dealing with respect to the employment agreement; age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*; and fraudulent conveyance of the assets of Campus Labs to Higher One Holdings, Inc., for approximately $38.4 million in cash in an effort to render Campus Labs judgment proof, thereby avoiding liability to Mr. Rohde as set forth in the employment agreement.  Dkt. #8.

Currently before the Court is defendant's motion to compel the counterclaim defendants to produce all non-privileged documents responsive to his March 14, 2013 request for production of documents and to pay reasonable expenses, including attorney's fees, necessitated by this motion to compel.  Dkt. #41.  For the following reasons, the motion is granted.

**BACKGROUND**

Defendant's requests for production of documents from the third party defendants are dated March 14, 2013.  Dkt. ##41-3; 41-4 & 41-5.  Vincent Miranda, counsel for the third party defendants, affirms that he received an external hard drive containing approximately 465,000 potentially responsive electronically stored items

from his clients on April 5, 2013.  Dkt. #43.  In light of the volume of documents and counsels' vacation plans, Mr. Miranda requested from defendant's counsel, Justin Bounds, an extension of his April 12th deadline to respond to Mr. Rohde's document demands to May 10, 2013, but Mr. Bounds only granted an extension to April 15, 2013. Dkt. ##43, ¶¶ 3-4 & 43-1.  By response dated April 15, 2013, the third party defendants advised that, subject to and without waiving their objections, they would "produce documents at a later date to the extent that responsive documents exist."  Dkt. ##41-6; 41-7 & 41-8.  Thereafter, the parties negotiated search terms for the electronically stored information ("ESI").  Dkt. ##41-2, ¶ 8; 41-9; 41-10; 43, ¶¶ 7-9 & 43-2.

By e-mail dated April 24, 2013, Mr. Bounds, proposed an extension of the Case Management Order discovery deadline of July 1, 2013 by 90 days.  Dkt. #41-11. By letter dated April 26, 2013, Mr. Miranda requested the extension from the Court, advising that due to, *inter alia*, "a voluminous amount of electronic documents that could amount to over [] 100,000 documents, the parties are negotiating search terms to facilitate a thorough but efficient discovery exchange."  That request was granted by Order entered April 29, 2013.  Dkt. #39.

By e-mail dated April 30, 2013, Mr. Bounds asked if he would see proposed search terms today.  Dkt. #41-12.  Later that day, Mr. Miranda e-mailed Mr. Bounds a red-line of the proposed search terms and advised that Mr. Rohde's mailbox had been deleted following his termination, but that e-mails between Mr. Rohde and internal employees could be obtained.  Dkt. #41-13.

On May 1, 2013, Mr. Miranda and Mr. Bounds agreed to the search terms. Dkt. #41-2, ¶ 13.

On May 2, 2013, Mr. Bounds sent an e-mail seeking to narrow the search by removing a custodian from the search list and otherwise requesting the search commence.  Dkt. #41-13.

By letter and e-mail dated May 3, 2013, Mr. Bounds requested production of documents by May 9.  Dkt. #41-15.  Specifically, the letter advised that:

> On March 14, 2013, we served your clients, Campus Labs, Eric Reich, and Michael Weisman with Defendant's requests for the production of documents.  Documents responsive to those discovery requests were due no later than Tuesday, April 16.
>
> Instead of producing responsive documents, on April 15 your clients merely sent general objections and stated that they would "produce documents at a later date."  To that end, I sent e-mails to you on April 22, 23, 24, and 30, and called your office on April 23, 24, 25, and 26, and again on May 1 in an attempt to expedite production.  But, to date, your clients have not produced even a single responsive document.  Moreover, you have indicated to me by phone that you do not expect to complete your production in May, and you are unsure about June.  That timeline is unacceptable.
>
> This letter is the Defendant's good faith attempt to resolve this matter without the need for court intervention. Your clients have already had 50 days to produce the documents. That should suffice.  Please have your client provide all non-privileged documents responsive to Defendant's discovery requests no later than the close of business on Thursday, May 9.  If we do not receive the documents, Defendant will seek an appropriate order form the Court and will ask for corresponding expenses and attorney's fees.

Dkt. #41-15.

On May 7, 2013, Mr. Bounds requested a date for delivery of responsive documents, but was advised by Mr. Miranda that a realistic production date could not be provided until the search was completed.  Dkt. #41-2, ¶ 16.

By e-mail dated May 8, 2013, Mr. Bounds inquired as to the results of the search and was advised by Mr. Miranda that they hoped to send the results that day. Dkt. #41-17.

By e-mail dated May 13, 2013, Mr. Miranda advised that the e-mail extraction process would be finished that day, that he would send over the "hits" for each custodian soon and that the documents should be received the next day.  Dkt. #41-18.  Mr. Miranda provided the hit list and a spreadsheet breaking down the numerical document figures for each custodian by e-mail dated May 14, 2013.  Dkt. #41-19.

By letter dated May 15, 2013, Mr. Miranda provided documents requested by Mr. Rohde for use during mediation, *to wit*, transferred employees, sales projections, and Mr. Rohde's personnel file, excluding performance and termination letters.  Dkt. #41-22.

As of the filing of the motion on May 20, 2013, Mr. Bounds affirms that no responsive documents have been produced from the ESI search.  Dkt. #41-2, ¶ 22.

Mr. Miranda affirms that since the filing of the motion, the third party defendants "have exhausted many financial and other resources in hiring an electronic

discovery vendor to expedite the discovery process." Dkt. #43, ¶ 19. By e-mail dated June 4, 2013, the parties confirmed an agreement to further narrow the electronic search and Mr. Miranda indicated that the vendor had indicated "that they could hopefully provide an update late this week." Dkt. #43-7. Mr. Miranda noted that the hit lists "illustrate that there could be over 120,000 documents before de-duping" and expressed his frustration that Mr. Rhode was not inclined to further reduce data. Dkt. #43-7. Mr. Miranda also affirms that the electronic discovery vendor represented that "after searching the documents pursuant to counsels' recent agreement and utlizing other technological means, it can provide an updated tally of potentially responsive documents on June 7, 2013" and that the third party defendants "could begin reviewing ESI by the middle of the week of June 10, 2013," but has "not provided any update as to the amount of potentially responsive documents." Dkt. #43, ¶ 22. Mr. Miranda represents that his clients "have been nothing but cooperative and diligent in their efforts to obtain a timely resolution to this lawsuit." Dkt. #43, ¶ 27.

## DISCUSSION AND ANALYSIS

Defendant argues that the third party defendants failed to communicate their desire to negotiate ESI search terms until the deadline for their reponse to defendant's discovery demands; failed to conduct an initial search using those terms until another month had passed; and have yet to advise defendant when responsive documents will be produced. Dkt. #41-1, p.4.

The third party defendants argue that they "have worked diligently with Rohde's counsel, internal employees, and an outside vendor to arrange for the timely review and production of electronic documents," and have kept Mr. Rohde's counsel

apprised of their efforts, but are being refused professional courtesy by defendant and his attorney.  Dkt. #44, pp.1-2.  The third party defendants argue that defendant "cannot expect that the narrowing, production, and review of approximately 465,000 items would occur instantaneously when: (1) search terms and custodians must be negotiated between counsel; (2) the ESI must be extracted from client servers; (3) an electronic discovery vendor must be hired; and (4) counsel is experiencing a heavy case load."  Dkt. #44, p.5.  The third party defendants argue that attorneys' fees are not warranted because defendant failed to attempt to resolve this issue in good faith prior to filing this motion to compel, chosing instead to threaten motion practice "days after asking for a 90 day extension when discovery was not due for another 60 days and immediately after concluding ESI negotiations."  Dkt. #44, p.5.  In addition, the third party defendants argue that the delay in production "is justified due to the size of the potentially responsive ESI that must be examined before production."  Dkt. #44, p.6.  The third party defendants note that the number of responsive documents requiring review has been narrowed from 465,000 items to 122,000 items and less following further revision of search terms.  Dkt. #44, p.6.

Defendant replies that the third party defendants "admit that they extracted the ESI from their servers on April 5, the parties agreed to search terms and custodians prior to May 3, and that the [third party defendants] retained a discovery vendor" to assist with production," but have failed to initiate their review of documents for production.  Dkt. #45, p.5.

Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides, in

relevant part, as follows:

> If the motion [to compel disclosure or discovery] is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both of them to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But, the court must not order this payment if:
>
> (I)   the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii)  the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

The third party defendants do not argue that the motion to compel should not be granted. Instead, they argue that attorneys' fees are unwarranted. However, it is clear that defendant clearly communicated his interest in obtaining timely disclosure of documents. In contrast, the Court finds the third party defendants' response to defendant's document demands to be lackadaisical. Notwithstanding the large volume of documents initially retrieved, and granting that the defendant's refusal to extend the deadline for responding to the document demands by more than 3 days exhibited an astonishing lack of professional courtesy, there appears to be no substantial justification for failing to disclose any documents during the timeframe between the parties' agreement to the search terms on May 1, 2013 and the filing of this motion on May 20, 2013, let alone into the middle of June. For example, third party defendants proffer no evidence of technical difficultes experienced by their electronic discovery

vendor in retrieving responsive documents.  Moreover, third party defendants do not raise issues of privilege or concerns over confidentiality of documents, nor is there any suggestion of an attempt to negotiate a protective order to adress any such concerns. Finally, the Court notes that the request for an extension to the Case Management Order's deadline for completion of discovery has no bearing upon the third party defendants' obligation to timely respond to discovery demands.  As a result, it is the Court's determination that the third party defendants have failed to demonstrate substantial justification for failing to timely respond to defendant's document demands. Accordingly, the Court finds an award of attorneys' fees is appropriate.

## **CONCLUSION**

For the foregoing reasons, defendant's motion (Dkt. #41), is granted.  If the parties are unable to agree to the amount of reasonable expenses incurred in the making of this motion, defendant's counsel shall submit an affirmation setting forth such costs no later than November 15, 2013.

**SO ORDERED.**

Dated:     Buffalo, New York
           October 9, 2013

    **s/ H. Kenneth Schroeder, Jr.**
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**